UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. CASTRO CASTANEDA, Petitioner, v. UNNAMED, Respondent. | Case No.: 18cv2372-GPC (JLB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On September 9, 2018, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Northern District of California, challenging a conviction from the San Diego County Superior Court. (ECF No. 1.) On October 5, 2018, the Petition was transferred to this Court. (ECF No. 6.) For the following reasons, the Petition is subject to dismissal without prejudice and with leave to amend for failure to satisfy the filing fee requirement, failure to sign the Petition under penalty of perjury, and failure to name a Respondent.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee or submit an application to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

1

18cv2372-GPC (JLB)

## FAILURE TO SIGN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and <u>be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242</u>." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has failed to sign the Petition. (ECF No. 1 at 12.) The Court therefore **DISMISSES** the action without prejudice to refiling of a "First Amended Petition for Writ of Habeas Corpus," which is <u>signed</u> by Petitioner.

## FAILURE TO NAME A RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." <u>Id.</u> Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See <u>id.</u>

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" <u>Id.</u> (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the

2

18cv2372-GPC (JLB)

person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. To have this case reopened, Petitioner must submit, **no later than December 17, 2018,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee and file a First Amended Petition which cures the defects identified in this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: October 22, 2018

Hon. Gonzalo P. Curiel
United States District Judge